UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 1:13-cr-00051-JAW |
| | ) | |
| STEPHANIE L. McCORMICK | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE EXHIBITS**

The Court denies the Defendant's motion to strike the Government's sentencing exhibits attached to the Government's reply but allows the Defendant to file a sur-reply to address any new issues presented by the recently-filed Government exhibits.

**I. BACKGROUND**

On March 21, 2013, Stephanie L. McCormick waived indictment and pleaded guilty to aiding and abetting a January 22, 2013 drugstore robbery, a violation of the Hobbs Act, 18 U.S.C. § 1951. *Waiver of an Indictment* (ECF No. 25); *Information* (ECF No. 26); *Minute Entry* (ECF No. 30). On June 12, 2013, the Court scheduled a Presentence Conference for July 2, 2013. *Notice of Rescheduled Hr'g* (ECF No. 32). In anticipation of the Presentence Conference, the Government filed a sentencing memorandum on June 26, 2013, arguing that the two-level enhancement for an organizer, leader, manager, or supervisor under United States Sentencing Guideline (U.S.S.G.) § 3B1.1(c) should apply. *Gov't's Mem. in Aid of Sentencing* (ECF No. 33). The Government attached to its memorandum an exhibit

list and filed under seal the exhibits it intended to present at sentencing. *Ex. List* (ECF No. 34); *Mot. to Permanently Seal Sentencing Exs.* (ECF No. 35).

The Court held the Presentence Conference on July 2, 2013 and set July 16, 2013 as the deadline for Ms. McCormick's response and July 23, 2013 as the deadline for the Government's reply. *Minute Entry* (ECF No. 37). Ms. McCormick timely filed her response, *Def. Stephanie McCormick's Sentencing Mem.* (ECF No. 38), as did the Government, its reply, *Gov't's Resp. to Def.'s Mem. in Aid of Sentencing* (ECF No. 40). The Government filed two additional exhibits with its reply. *Am. Ex. List* (ECF No. 39). These two additional exhibits provoked a motion to strike from Ms. McCormick. *Def. Stephanie McCormick's Mot. to Strike Gov't Exs. G & H* (ECF No. 41) (*Def.'s Mot.*). The Government responded on July 30, 2013, *Gov't's Resp. to Def.'s Mot. to Strike* (ECF No. 42) (*Gov't's Resp.*), and Ms. McCormick replied on August 9, 2013, *Def. Stephanie McCormick's Reply in Supp. of Mot. to Strike* (ECF No. 43) (*Def.'s Reply*). The Court has not yet scheduled Ms. McCormick's sentencing hearing. As Ms. McCormick aided and abetted others in the Hobbs Act robbery, the Court has scheduled a further Presentence Conference to be held on September 5, 2013 jointly with the other involved defendants. *Notice of Hr'g* (ECF No. 44).

## II. THE PARTIES' POSITIONS

### A. Ms. McCormick's Motion

Ms. McCormick's motion is premised on her inability to adequately respond to the exhibits that the Government attached to its reply. *Def.'s Mot.* at 1-2. Ms.

McCormick observed that in her response, she had "juxtaposed the Government's exhibits to not only highlight the flaws in the Government's argument, but, in other instances, to show its evidentiary submissions were in conflict with one another." *Id.* at 1-2. Arguing that the "moving party cannot and should not be permitted to withhold supporting exhibits from its initial motion and only then submit the withheld exhibits after the non-moving party had already responded," Ms. McCormick moved to strike the newly-filed exhibits. *Id.* at 2-3. For support, Ms. McCormick cites Local Rule 147, contending that its motion, response, reply organization controls the issue. *Id.* at 2.

### B. The Government's Response

In response, the Government disputed the applicability of Local Rule 147 to a sentencing proceeding. *Gov't's Resp.* at 1-2. Further, the Government said that the newly-attached exhibits addressed new matters that the Defendant had raised in her response. *Id.* at 2-3.

### C. Ms. McCormick's Reply

In reply, Ms. McCormick clarified that she is not contending that the Government is prevented from attaching exhibits to a sentencing memorandum. *Def.'s Reply* at 1. To the contrary, she noted that she did not object to exhibits A-F attached to the Government's motion. *Id.* Instead, she urged the Court to enforce the Local Rule so that the exhibits are "properly put before the Court in order for the Court to consider [them]." *Id.*

## III. DISCUSSION

The Court agrees with the Government that Local Rule 147's document requirement has limited applicability to a sentencing hearing. Local Rule 147 addresses motion practice, establishing the time periods for objection and reply, the form and length of the memoranda, and rules for oral argument. D. ME. LOC. R. 147(a-f). Specifically, Local Rule 147(a) requires that the moving party submit "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based" with the motion. *Id.* at 147(a).

Occasionally, the Court will resolve pre-plea or pre-verdict criminal motions without a hearing and in such a case, to the extent permissible, the Court may decide the motion based on the documents the parties presented and the applicable law. FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue"). For example, a court may decide a motion to suppress evidence based only on filed documents or may conclude that a suppression hearing is necessary. *Id.* at 12(b)(3)(C).

Sentencing is different. A sentencing hearing is always held and the parties are typically allowed at the sentencing hearing to present "evidence on the objections", *id.* at 32(i)(2). The rules contemplate that the parties will receive a Presentence Investigation Report (PSR), that the parties will be afforded an opportunity to object to the PSR, and that the parties may comment on the PSR at the sentencing hearing. *Id.* at 32(e)-(i). Typically, in anticipation of the sentencing

4

hearing, the Court will establish a briefing schedule at the Presentence Conference—as was done here. *Minute Entry* (ECF No. 37).

On rare occasion, the parties may present a legal issue based on agreed-upon facts susceptible to determination before the sentencing hearing. But for most issues—including the leadership enhancement in this case—the parties submit sentencing memoranda with exhibits upon which they intend to rely at the sentencing hearing with the understanding that the sentencing court will issue a final ruling at the sentencing hearing. *See United States v. St. Hill*, No. 1:12-cr-00178-JAW, 2013 U.S. Dist. LEXIS 98098 (D. Me. Jul. 11, 2013). Here, the Court will not resolve whether Ms. McCormick is subject to a two-level leadership enhancement under U.S.S.G. § 3B1.1(c) until the sentencing hearing and, therefore, any exhibits attached to the parties' sentencing memoranda were pre-filed in anticipation of admission at the sentencing hearing, subject to objection and supplementation. In light of the way the criminal process that leads to the imposition of sentence actually works, Ms. McCormick's objection to the exhibits attached to the Government's reply is misplaced.

Ms. McCormick's real objection is that by filing the exhibits with its reply, the Government deprived her of the opportunity to address the significance of those newly-filed exhibits. But the remedy would not be to strike the exhibits. The obvious solution would be to allow Ms. McCormick to respond to whatever new information is contained in those exhibits and, perhaps to present exhibits of her own. To address Ms. McCormick's true concern, the Court allows Ms. McCormick to

file a sur-reply to the information contained in newly-filed exhibits G and H within ten days of the date of this Order.

IV.  **CONCLUSION**

The Court DENIES Defendant Stephanie McCormick's Motion to Strike Government Exhibits G & H (ECF No. 41) but allows her to file a sur-reply to any issues raised by the Government's reply no later than August 29, 2013.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2013